**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWMAN DIVISION**

| | |
|---|---|
| **MARK JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **DITECH FINANCIAL, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the plaintiff, MARK JOHNSON, by and through his attorneys, FORTAS LAW GROUP, LLC, and for his Complaint against the defendant, DITECH FINANCIAL, LLC, the Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. MARK JOHNSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Griffin, County of Spalding, State of Georgia.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Secured Funding Corp. (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Green Tree Servicing, LLC was for a home equity line of credit ("HELOC"), which was for the personal use of Plaintiff and/or used for household expenditure.

7. Upon information and belief, DITECH FINANCIAL, LLC purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. DITECH FINANCIAL, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Georgia.  Defendant's principal place of business is located in the State of Pennsylvania.  Defendant is registered as a limited liability company in the State of Georgia.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

15. On or about January 13, 2017, unbeknownst to Plaintiff for quite some time, Defendant initiated a lawsuit against Plaintiff in Chatham County, Georgia, captioned as *Ditech Financial LLC v. Mark Johnson*, with case number STCV17 00098 (hereinafter, the "Chatham County Lawsuit").

16. In the complaint filed in the Chatham County Lawsuit, Defendant stated, *inter alia*:

> "Defendant [Mark Johnson] incurred payment obligations which obligations were defaulted upon and subsequently assigned to Plaintiff [Ditech Financial LLC]."

17. Despite the fact that the Chatham County Lawsuit was initiated on or about January 13, 2017, Plaintiff remained unaware that the lawsuit existed until Defendant served Plaintiff with the summons and complaint more than nineteen months later on August 27, 2018.

18. On or about September 26, 2017, at which point Plaintiff was still unaware of the Chatham County Lawsuit, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff.

19. In the aforesaid correspondence sent by Defendant to Plaintiff dated September 26, 2017, Defendant stated to Plaintiff, *inter alia*:

> *"Please be advised that we cannot bring a legal action to collect this debt or threaten to do so because the statute of limitations has expired. If you do make a payment, we may later be able to bring an action to collect this debt because the payment may start a new statute of limitations."*
> *. . .*
> *"This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose."*

20. Upon receipt of the aforementioned correspondence, Plaintiff believed that he could no longer be sued to collect the debt.

21. The aforesaid correspondence misrepresented the character, amount or legal status of the Debt given that, at the time, not only had the statute of limitations not yet expired, but Defendant had already initiated a legal action against Plaintiff.

22. The aforesaid correspondence would mislead an unsophisticated consumer as to whether or not the statute of limitations to enforce the debt in court had expired, and whether or not a lawsuit had been filed against the consumer.

23. An unsophisticated consumer receiving the aforesaid correspondence stating that the consumer could not longer be sued to collect the debt may reasonably interpret the correspondence as stating that the consumer is no longer legally obligated to pay the debt.

24. Because Plaintiff apparently was legally obligated to pay the Debt, and because a lawsuit had already been filed against him, Plaintiff was served with the summons and complaint in the Chatham County lawsuit in August of 2018.

25. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MARK JOHNSON, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

27. Plaintiff hereby demands a trial by jury on all issues so triable.

                                                  Respectfully submitted,
                                                  **MARK JOHNSON**

                                      By:  s/ Scott Fortas
                                                  Attorney for Plaintiff

<u>Dated: September 24, 2018</u>

Scott Fortas (Bar No. 269980)
Fortas Law Group, LLC
1934-B N. Druid Hills Rd.
Atlanta GA 30319
Telephone:  (404) 315-9936
Facsimile:   (404) 636-5418
E-Mail:       sfortas@fortaslaw.com